McKlNNEY, J.,
delivered the opinion of the Court.
At the November Term, 1855, of the Circuit Court of Jackson, judgment nisi was entered up against Slaughter for $125.00, for his failure to attend, as he had been duly summoned to do, as a witness for the plaintiff, in the suit of Birdwell v. Hall, then pending, and for trial in said Court.
Scire facias was issued and served on Slaughter, on the return of which, he pleaded in substance, “that he was unable to attend, because of the illness of his wife, who was confined to her bed, and so ill, that his attention to her was absolutely necessary to her comfort and safety.”
To this plea there was a demurrer, which, on argument, was sustained, and final judgment rendered against the defendant.
*345 There is proof in the record tending to impeach the-truth of the plea. But we decline to notice it, as it was irregularly received, the judgment on the demurrer being decisive of the case.
By the act of 1794, ch. 1, sec. 29, a witness regularly summoned, is bound to attend from term to term, until discharged by the Court, or the party at whose instance he may have been summoned, under the penalty prescribed; unless, on the return of a scire facias, sufficient cause be shown by the witness, “ of his incapacity to attend at the time and place mentioned in the subpoena.”
In Duke v. Given, 4 Yer., 478, the “ incapacity ” contemplated by the statute, is held to mean a physical incapacity of the witness. Whether or not this restricted sense of the term “incapacity” be warranted, we need not now inquire. As we feel clear, that the facts alleged in the plea, do not constitute such an incapacity on the part of the witness to obey the command of the summons, as is contemplated by the act. The act obviously means that the incapacity, of whatever nature it may be held to be, must be a personal incapacity of the witness himself. This may seem to be a harsh requirement of the law; but, if so, the power to change it belongs not to the Courts. It must be remembered, however, that none others than a highly stringent law would be sufficient to enforce the attendance of witnesses in many cases.
Judgment affirmed.